IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JENNIFER D. McDANELL, as
Administratrix for the Estate
of Robert Leon McDanell,

    Plaintiff,

v.                                         Civil Action No. 5:15CV4
                                                       (STAMP)
PRECISION PIPELINE, LLC,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

I. Background

The plaintiff originally filed this action in the Circuit Court of Brooke County, West Virginia. The plaintiff, as Administratrix for the Estate of her husband Robert Leon McDanell, asserts claims arising out of Robert McDanell's death while working at a job site of the defendant. The plaintiff asserts that the working conditions were unsafe and the defendant's conduct violated West Virginia Code § 23-4-2. The defendant originally removed this action in June 2014. The plaintiff then filed a motion to remand, which this Court granted in August 2014. See Civil Action No. 5:14CV81.

Since then, the defendant filed a second notice of removal with this Court. The plaintiff then filed a motion to remand, which is currently at issue. ECF No. 4. In that motion, the plaintiff first argues that the defendant failed to satisfy the

amount in controversy requirement. Here, the plaintiff points out that the defendant primarily relies upon Dart Cherokee Basin Operating Company, LLC, et al. v. Owens, 135 S. Ct. 547 (2014). In Dart, the Supreme Court of the United States held that a "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Id. Further, the Court stated that "[e]vidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegations." Id. at 557. Based on that holding, the defendant believes that it now satisfies the amount in controversy requirement. The plaintiff seeks to refute that argument, asserting that Dart did not substantively alter the amount in controversy requirement or the defendant's burden of proof. Rather, the plaintiff believes that Dart only relates to the pleading standard regarding the amount in controversy. The plaintiff notes that the holding in Dart still requires the defendant to prove the amount in controversy requirement by a preponderance of the evidence when the plaintiff or court contests the defendant's allegations about that amount. Because Dart does not justify removal, the plaintiff requests that this Court grant her motion.

The defendant then filed a response in opposition. ECF No. 6. The defendant first argues that Dart is an "other paper," as

identified in 28 U.S.C. § 1446(b)(3) ("§ 1446"). Because it allegedly is an "other paper," the defendant argues that § 1446 permits the defendant to file a notice of removal within 30 days of when the defendant learned of the Court's decision. Next, the defendant believes that it has satisfied the amount in controversy by providing a plausible allegation, as required under Dart. To the extent that the plaintiff challenges that allegation, the defendant argues that wrongful death cases like the plaintiff's are usually resolved for more than $75,000.00. Further, the defendant argues that the plaintiff asserts damages that exceed $75,000.00, including lost wages which amounted to at least $100,000.00 a year. For those reasons, the defendant argues that this Court should deny the plaintiff's motion.

Finally, the plaintiff filed a reply in support of her motion. ECF No. 7. In that reply, the plaintiff asserts that the defendant is mistaken in believing that Dart abrogates prior removal law so as to be considered an "other paper." Further, the plaintiff restates her argument that Dart alters the pleading standard, rather than the evidentiary standard, concerning removal. Finally, the plaintiff points out that the defendant makes essentially the same arguments regarding the amount in controversy in its first notice of removal.

For the reasons set forth below, the plaintiff's motion to remand is granted.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought." Tomlin v. Office of Law Enforcement Tech. Commercialization, Inc., 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

Further, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey v. Alabama Power

4

Co., 483 F.3d 1184, 1213-15 (11th Cir. 2007) ("In assessing whether removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); O'Brien v. Quicken Loans, Inc., 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal."); Fahnestock v. Cunningham, 5:10CV89, 2011 WL 1831596, at *2 (N.D. W. Va. May 12, 2011) ("The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal.") (internal citations omitted). Regarding punitive damages, the mere likelihood of punitive damages, without more, does not give rise to federal jurisdiction. Cunningham, 2011 WL 1831596, at *2 (citing Landmark Corp. v. Apogee Coal Company, 945 F. Supp. 932 (S.D. W. Va. 1996)).

### III. Discussion

The facts show that the plaintiff is a resident of Louisiana, and the defendant is a citizen of Wisconsin with its principal place of business there as well. The only issue in dispute, however, is the amount in controversy requirement.

Based on the record before this Court, the plaintiff's motion to remand must be granted. The defendant fails to demonstrate that

the amount in controversy requirement has been satisfied. In its response in opposition to the plaintiff's motion, the defendant claims that wrongful death cases are often settled or tried in excess of $75,000.00. ECF No. 6. The defendant also argues that the plaintiff seeks lost wages, punitive damages, attorney's fees and costs. Thus, the defendant argues that when one considers those damages that the plaintiff may receive, then the amount in controversy requirement is satisfied. That argument, however, is misguided.

As stated earlier, the amount in controversy requirement cannot be based on speculation or "what ifs" that may occur. Rather, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey, 483 F.3d at 1213–15. At this time in the civil action, the amount of damages that may or will be recovered is unknown at this time and speculative at best. Speculation regarding the amount in controversy requirement fails to satisfy the burden that the removing party bears. See In re Blackwater Security Consulting, LLC, 460 F.3d at 583.

Furthermore, the mere likelihood of punitive damages, without more, does not give rise to federal jurisdiction. Cunningham, 2011 WL 1831596, at *2. Although the plaintiff asserts a claim for punitive damages, that does not "relieve the defendant, as the removing party, of its burden to establish the propriety of removal jurisdiction nor necessarily establish that it is more likely than

6

not that the amount in controversy" will exceed $75,000.00. Wiemers v. Good Samaritan Society, 212 F. Supp. 2d 1042, 1046 (N.D. Iowa 2002). Here, the defendant still fails to show that the amount in controversy, exclusive of interest and costs, at this time satisfies the requirement under diversity jurisdiction. Therefore, because the defendant only speculates as to what the amount of damages may be, removal is improper. As stated earlier, removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Hartley, 187 F.3d at 422; Mulcahey, 29 F.3d at 151. Here, doubts exist as to that jurisdiction.

In addition to the defendant's argument regarding the aggregation of damages, the defendant asserts two more arguments as to why this Court should deny the plaintiff's motion to remand. The defendant first heavily relies on Dart Cherokee Basin Operating Co., L.L.C. v. Owens, believing that it abrogates prior removal law regarding the amount in controversy. Next, the defendant contends that Dart constituted an "other paper" under § 1446, thereby permitting removal. As will be explained below, however, those arguments are both without merit.

In Dart, the Supreme Court of the United States held that, pursuant to § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 135 S.Ct. 547, 555 (2014).

7

That plausible allegation requirement, however, is made under the assumption that the plaintiff does not contest that the amount in controversy is satisfied. If the plaintiff does contest the defendant's plausible allegation, however, removal will be proper "by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional amount." Id. at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B)). If a "defendant's assertion of the amount in controversy is challenged, . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 554.

In this civil action, the defendant appears to assert that, under <u>Dart</u>, all that is necessary for removal is a "short and plain" statement. That assertion, however, misconstrues the holding of <u>Dart</u>. The holding in <u>Dart</u> primarily relates to the necessary pleading standards that removing parties must satisfy. The defendant, however, seems to argue that the holding in <u>Dart</u> articulates both a pleading standard and an evidentiary standard. The only evidentiary issue discussed in <u>Dart</u>, however, relates to the evidentiary burden that is applied when the parties, or the court, contest the defendant's alleged amount in controversy. Here, the plaintiff does contest the amount in controversy requirement, whether it is by her motion to remand or the arguments set forth in her filings. See, e.g.,<u>Leon v. Gordon Trucking, Inc.</u>,

2014 WL 7447701, at *10 n.40, -- F. Supp. 3d -- (C.D. Cal. Dec. 31, 2014). That means this Court must examine the evidence under a preponderance of the evidence standard.

After analyzing the record and applying that evidentiary standard, the evidence weighs in favor of denying removal. In its response in opposition, the defendant provides an affidavit from its Vice President of Environmental Health and Safety. In that affidavit, it lists the wage rate of the decedent. That affidavit, however, is the same affidavit that the defendant used in its response to the plaintiff's first motion to remand. See Civil Action No. 5:14CV81 at ECF No. 7-1. Further, the defendant then speculates that based on the damages that the plaintiff seeks to recover in her complaint, the amount in controversy will likely be satisfied if the plaintiff obtains those damages. That affidavit and argument, however, are nearly identical to the defendant's previous response in opposition to the first motion to remand. Id. As the Supreme Court of the United States stated in St. Paul & C.R. Co. v. McLean, "a party is not entitled . . . to file a second petition for the removal upon the same grounds." 108 U.S. 217 (1883); see Watson v. Carnival Corp., 436 F. App'x 954, 955 (11th Cir. 2011) ("Once a case is remanded to state court, a defendant is precluded from seeking a second removal on the same ground."); see also O'Bryan v. Chandler, 496 F.2d 403, 410 (10th Cir. 1974). Stated another way, "[s]uccessive removals are therefore improper

'[a]bsent a showing that the posture of the case has so changed that it is substantially a new case.'" Leon, 2014 WL 7447701, at *5 (quoting Sylvan Rd. N. Assoc. v. Lark Int'l, Ltd., 889 F. Supp. 60, 65 (D. Conn. 1995)); see Benson v. SI Handling Systems, Inc., 188 F.3d 780, 783 (7th Cir. 1999) ("Multiple removals could encounter problems--could even lead to sanctions--if nothing of significance changes between the first and second tries.") (internal citation omitted). In fact, the defendant appears to proffer no new evidence, and simply restates many of the same arguments and even uses the same affidavit. See Civil Action 5:14CV81 at ECF No. 7. The only new claim that the defendant asserts in support of its second removal that it did not proffer before is the recent holding in Dart. The removing party "bears the burden of establishing the jurisdictional amount by a preponderance of the evidence," and here the defendant has not met that burden. Lowery, 483 F.3d at 1208; see Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 200 (4th Cir. 2008) ("On a challenge of jurisdictional allegations, [t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper.") (internal quotations omitted); Strawn v. AT&T Mobility, L.L.C., 530 F.3d 293, 296-97 (4th Cir. 2008) ("If a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of

10

removal and, if challenged, demonstrating the court's jurisdiction over the matter."). Because the defendant has not met its burden, the plaintiff's motion to remand must be granted.

Notwithstanding the fact that the defendant did not meet its burden, the defendant also argues that Dart should be considered an "other paper" under § 1446(b)(3). That section states the following:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order **or other paper** from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added). The defendant argues that the Dart opinion should be considered an "other paper." Under that reasoning, the defendant argues that the case became removable within 30 days of its receipt of the Dart opinion. A majority of case law, however, finds that intervening decisions in unrelated cases do not constitute an "other paper," and thus do not provide a basis for removal. Green v. R.J. Reynolds Tobacco Co., 274 F.3d 263 (5th Cir. 2001); Dudley v. Putnam Inv. Funds, 472 F. Supp. 2d 1102, 1110 (S.D. Ill. 2007) ("Under [§ 1446(b)], judicial decisions in cases separate from a case as to which removal is sought are neither 'orders' nor 'other papers' for purposes of the statute."); Allen v. Monsanto Co., 396 F. Supp. 2d 728 (S.D. W. Va. 2005); Holiday v. Travelers Ins. Co., 666 F. Supp. 1286, 1289 (W.D. Ark.

11

1987) (recent Supreme Court decisions are not an "other paper"); Johansen v. Employee Ben. Claims, Inc., 668 F. Supp. 1294 (D. Minn. 1987) ("[e]very court which has [defined "other paper"] has construed the phrase . . . as referring solely to documents generated within the state court litigation itself."). Furthermore, the right to removal jurisdiction is not founded upon recent Supreme Court opinions. Rather, removal jurisdiction is a creation of Congress. The holding of Dart only clarified the law as to an aspect of removal jurisdiction under the statute, namely, the pleading standard applied to the amount in controversy requirement. Thus, the Court in Dart did not create new law on the matter, as the defendant appears to believe. Therefore, because the Dart decision fails to be considered an "other paper," the defendant is not entitled to the additional 30-day period for removal, as provided under § 1446(b). Accordingly, the plaintiffs' motion is granted, and the case is remanded to the Circuit Court of Brooke County, West Virginia.

IV. Conclusion

For the reasons set forth above, the plaintiffs' motion to remand (ECF No. 4) is GRANTED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Brooke County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    April 9, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE